**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

*In re Malibu Media BitTorrent Copyright Infringement Litigation*

No. C 16-05737 WHA
No. C 16-05738 WHA
No. C 16-05739 WHA
No. C 16-05823 WHA
No. C 16-05824 WHA
No. C 16-05825 WHA
No. C 16-05826 WHA
No. C 16-05827 WHA
No. C 16-05828 WHA
No. C 16-05829 WHA
No. C 16-05843 WHA
No. C 16-05845 WHA
No. C 16-05847 WHA
No. C 16-05848 WHA
No. C 16-05849 WHA
No. C 16-05850 WHA
No. C 16-05855 WHA
No. C 16-05920 WHA
No. C 16-05921 WHA
No. C 16-05922 WHA
No. C 16-05923 WHA
No. C 16-05925 WHA
No. C 16-05926 WHA
No. C 16-05927 WHA
No. C 16-05970 WHA
No. C 16-05972 WHA
No. C 16-05973 WHA
No. C 16-05974 WHA
No. C 16-05975 WHA
No. C 16-05976 WHA
No. C 16-05977 WHA
No. C 16-06106 WHA
No. C 16-06107 WHA
No. C 16-06108 WHA
No. C 16-06109 WHA
No. C 16-06110 WHA
No. C 16-06111 WHA
No. C 16-06112 WHA
No. C 16-06141 WHA

|   |   |
|---|---|
| | No. C 16-06143 WHA |
| | No. C 16-06144 WHA |
| | No. C 16-06146 WHA |
| | No. C 16-06147 WHA |
| | No. C 16-06155 WHA |
| | No. C 16-06160 WHA |
| | No. C 16-06239 WHA |
| | No. C 16-06240 WHA |
| | No. C 16-06241 WHA |
| | No. C 16-06242 WHA |
| | No. C 16-06243 WHA |
| | No. C 16-06245 WHA |
| | No. C 16-06247 WHA |
| | No. C 16-06249 WHA |

**ORDER DENYING MOTIONS FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA**

/

In each of the above-captioned cases, plaintiff Malibu Media, LLC, seeks leave to serve a third-party subpoena on the defendant's Internet service provider for the purpose of obtaining each defendant's personal information, since the defendants are currently only identifiable by the Internet Protocol address of the connection used to commit the alleged infringement. Malibu Media then looked up each defendant's IP address in a database maintained at maxmind.com to determine the location of the given IP address and the service provider that assigned that IP address. Plaintiff's counsel filed a sworn declaration averring "from the lawsuits Malibu Media has filed in California, Maxmind's geolocation data has always been 100% accurate to the state level, 100% accurate at identifying the ISP and has predicted the correct district 146 out of 147 times" (Mosesi Decl. ¶ 15). Attorney Mosesi appended an spreadsheet to back up that data, but the spreadsheet omitted dozens of cases filed in this district alone.

It appears those cases were omitted because Malibu Media never received a response from the Internet service provider in those cases, but the failure to address so many cases in this

district (and presumably elsewhere in California) casts significant doubt on counsel's personal knowledge of the accuracy of the Maxmind database. Maxmind's own statements of its accuracy, restated in counsel's declaration, are hearsay. Malibu Media has failed to provide sworn evidence to support the reliability of the Maxmind database, which is necessary to show that this Court has personal jurisdiction over each of the defendants and that venue is proper here. Accordingly, Malibu Media's motions are **DENIED**.

This is without prejudice to a renewed motion supported by a sworn accounting of the accuracy of Maxmind (or some other database) for each and every case filed by Malibu Media in this district.

Counsel is directed *not* to lodge chambers copies of any new motions to serve a third-party subpoena.

**IT IS SO ORDERED.**

Dated:   December 1, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE